

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

OCT 29 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF MISSISSIPPI

Southern
~~GULFPORT~~ DIVISION

| | | |
|---|---|---|
| RICHARD PATERSON, PLAINTIFF | * | CIVIL ACTION |
| | * | |
| VERSUS | * | 1:19cv811 LGRHW |
| | * | |
| JOHN NELSON, Individually, and in his Official | * | |
| Capacity as a Police Officer for the CITY OF WAVE- | * | NO.: |
| LAND POLICE DEPARTMENT; CITY OF WAVE- | * | SECTION: |
| LAND MISSISSIPPI; and ABC INSURANCE | * | |
| COMPANY DEFENDANTS | * | JURY DEMAND |

************************************************

### ORIGINAL COMPLAINT

### PRELIMINARY STATEMENT

1. This Civil Complaint is brought pursuant to Title 42 U.S.C. Sections 1983 and 1988 as an action at law to redress the intentional, malicious deprivation, under color of law, statute, ordinance, regulation, custom or usage, of the rights, privileges, or immunities secured to Petitioner by the Constitution of the United States, including, but not necessarily limited to the Fourth Amendment, the Fifth Amendment, the Eighth Amendment, the Fourteenth Amendment, and/or by Acts of Congress and the U.S. Constitution. Petitioner further asserts claims pursuant to the Constitution of the State of Mississippi and other pertinent statutes, laws and ordinances of the State of Mississippi.

### STATEMENT OF JURISDICTION

2. This case presents an actual case and controversy arising under the Fourth and Fourteenth Amendments to the United States Constitution. This case also arises under the provisions of Title 42, U.S.C. Sections 1983 and 1988.

3. Original jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. Section 1331 and 42 U.S.C Section 1983 and the United States Constitution because this case arises under

the Constitution and the laws of the United States. Original jurisdiction over this case is also vested in this Honorable Court pursuant to 28 U.S.C. Section 1343 because this action is to redress the deprivation by Defendants, under color of state law, of rights, privileges, and immunities granted to the Petitioners by the United States Constitution.

4. Supplemental jurisdiction is asserted for all claims cognizable under the laws of the State of Mississippi.

5. Venue is proper in this District under 28 U.S.C. Sections 1391(b) and 1393(a). Petitioners and one or more of the Defendants reside in this District and the claims asserted herein arose in this District.

## PARTIES

6. The Petitioner in this cause of action is as follows:

   A. RICHARD PATERSON, (Sometimes referred to as "PATERSON" and/or "Petitioner" and/or "Plaintiff) is a person of the full age of majority and a resident and citizen of the Southern District of Mississippi and the State of Mississippi.

7. The Defendants to this cause of action are as follows:

   A. OFFICER JOHN NELSON ("NELSON") individually and in his official capacity as a Police Officer for the City of WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI. NELSON is, and at all relevant times was, employed as Police Officer for the City of WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI and was acting in the course and scope of his official duties as a police officer and under color of state law. Upon information and belief, NELSON is a person of the full age of majority and a resident and citizen of the Southern District of Mississippi;

2

B. THE WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI ("W.P.D.") is a municipal department within the supervision and control of the City of Waveland, Mississippi; Upon information and belief, the City of Waveland reposed in its Acting Chief and/or Chief of Police and in the police officers employed by the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI, final policymaking authority with respect to the use of deadly force by the officers employed by the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI;

C. THE CITY OF WAVELAND ("WAVELAND") is a self-insured municipal corporation authorized to do and doing business in the County of Hancock, State of Mississippi.

D. At all relevant times, the acts and practices of the Defendants, and those acting at their direction, were performed under color of state law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution;

E. NELSON is sued in his individual capacity under 42 U.S.C. Section 1983 and in his individual and official capacity under Mississippi Law.

F. All police officers serving in the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI, including but not limited to NELSON is responsible for executing the official policies, decisions, practices, and customs of the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI. Upon information and belief, the actions of the individual Defendants, as alleged herein, constitute the official policy and custom of the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI and were a part and pattern of conduct

in violation of citizens' constitutional rights and endorsed, encouraged, and ratified by the City of Waveland.

G. The City of Waveland and the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI are sued under 42 U.S.C. Section 1983 for engaging in a pattern of practice of allowing the police officers of the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI to use excessive force and for failing to properly train the police officers of the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI in the use of force. They are also sued for negligent hiring, negligent retention, and negligent supervision of Defendant NELSON. With respect to the Petitioner's state law claims, the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI, are sued under the doctrine of respondeat superior, as the individual Defendants were acting in the course and scope of their official duties as police officers employed by the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI and as agents of the City of Waveland when they engaged in the actions alleged herein.

H. ABC INSURANCE COMPANY, a fictitious name for an actual insurance business licensed and duly authorized to do and doing business in the State of Mississippi on or about, prior to and since, October 29, 2018, and that upon information and belief, provided insurance coverage for the acts and omissions of the said Defendants, made the basis of suit herein. The precise terms and numbers embodied in said policy of insurance are incorporated herein by reference and are specifically pled herein as if set forth *in extensor*, whether said coverage is for acts of the city of Waveland or the individual Defendant police officers.

4

I.  At all relevant times hereto, the City of Waveland was authorized to and did waive its immunity from civil liability in tort by purchasing liability insurance, by contract with an insurance company and/or by participation in an insurance risk pool that covers the claims asserted in this legal action.

8.  All of the above named Defendants are bound jointly, severally and *in solido* unto your Petitioner, in an amount fair and reasonable under the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, including attorney's fees, for the following reasons, to wit:

## FACTUAL ALLEGATIONS

9. On October 29, 2019, Petitioner was lawfully in and on his property located in the City of Bay St. Louis, Mississippi. He was committing no crime or public offense of any kind.

10. On said date, at approximately 9 p.m., Petitioner was working in his building and was in the process of painting large table. Furthermore, Petitioner was cooking dinner and had placed chicken on his barbecue.

11. Petitioner heard a noise outside his building that sounded like a car screeching down the block and a spinning of tires. Petitioner remembered that it sounded like someone was stuck in a drainage ditch.

12. Petitioner walked over to the big doors on his property and looked out to see what had caused the noise he had heard. Petitioner observed that there was a white pickup truck stuck in the ditch across the street and down the block from his property.

5

13. Petitioner observed that whoever was in the pickup truck was trying to back out of the ditch, but they were not moving, but they keep trying. Petitioner had no idea who was driving and/or operating said pickup truck.

14. Petitioner decided that he was not going to get involved in someone stuck in the ditch, so he went back into his building and continued prepping his table he was painting.

15. Petitioner then started to mix the paint for the table added a hardener. After adding the hardener to the paint, Petitioner had only twenty minutes to apply the paint to the table before the paint set.

16. As Petitioner started to roll out the paint onto the table, Petitioner noticed that police had arrived on the street near his building because he could see their blue lights in the dark.

17. After Petitioner had applied the first coat of paint on the table, Petitioner stepped outside the door of his building to get some fresh air from the fumes of the paint and hardener he was applying to the table.

18. At about the same time, Petitioner saw a police officer, now known to be Defendant NELSON, walking around my locked gate on my property. NELSON went around the gate along the side where the fence post was located. It was very muddy where NELSON was coming through, so Petitioner walked out into his parking lot located on his real property and asked NELSON "how you doing?"

19. Petitioner thought that NELSON was coming over to ask Petitioner for a chain to pull the pickup truck out of the ditch.

6

20. In response to Petitioner's question poised to NELSON, NELSON trespassed onto Petitioner's property and when NELSON was about 75 feet away from Petitioner, without probable cause, falsely accused the Petitioner of causing Petitioner's pickup truck to be in the ditch.

21. NELSON knew his accusation made against Petitioner was false when made. The pickup truck that was in the ditch with a properly displayed license plate and visible VIN number that clearly established that the pickup truck did not belong to Petitioner.

22. NELSON also knew his accusations made against Petitioner were false when made in that law enforcement officers had obtained eye witness statements from others at the scene that described the driver of the pickup truck and Petitioner in no manner whatsoever resembled said description of said driver provided to law enforcement officers.

23. Despite his knowledge that Petitioner was not involved with the pickup truck, NESLON continued his unlawful and illegal actions against the Petitioner.

24. Furthermore, the unlawful and illegal actions of NELSON were not made with any exigent circumstances, he was not in hot pursuit, and the crime alleged to have been committed if any, were minor traffic offenses.

25. In addition, NELSON is a law enforcement officer hired and employed by the City of Waveland, Mississippi. When NELSON was acting in his unlawful and illegal manner, he was in the City of Bay St. Louis, Mississippi. NELSON has no law enforcement authority in Bay St. Louis, Mississippi.

26. In response to NELSON's false accusation, Petitioner told NELSON that "I have nothing to do with that truck and this is my place..." NELSON continued to falsely accuse the Petitioner of causing the pickup truck to be in the ditch and that the pickup truck was his.

27. Petitioner told NELSON again that "I said that's not my truck, I have nothing to do with the pickup truck."

28. In response to Petitioner's statements, NELSON became angry and shined a bright light from his flashlight in Petitioner's face. The Petitioner's property was dark with only the street lights illuminating the area.

29. Petitioner requested that NELSON not shine his light in Petitioner's eyes. NELSON became very even more angry and aggressive against the Petitioner, telling Petitioner that "I do want ever the fuck I want."

30. Petitioner again told NELSON that Petitioner's name was Richard Paterson, that this was my property and that Petitioner had nothing to do with that truck." Petitioner told NELSON to check with Lieutenant Mac, a ranking officer with Bay St. Louis Police Department, that he knew Petitioner and would verify his identity. NELSON told Petitioner that "I don't care who you know."

31. Petitioner again identified himself to NELSON, telling him that "my name is Richard Paterson and this is my place."

32. Petitioner was standing outside his building on his gravel parking lot, wearing only shorts and no shirt. Petitioner was dressed like that because it was hot inside the building where Petitioner was painting his table with the expensive $160.00 paint that was hardening and his chicken dinner burning on the barbeque.

8

33. NELSON was about twenty feet away from Petitioner and was visibly agitated and angry. Petitioner repeated his name and told NELSON again that "this is my place and I have nothing to do with that truck."

34. Petitioner started to walk away from NELSON to get back to what I was doing and to get away from NELSON and his anger. Petitioner was not under arrest when he tried to return to his place of business.

35. NELSON told Petitioner to "put your hands behind your back", so Petitioner did as he was instructed, being in fear of what NELSON might do to him. Petitioner again told NESLON that his name was Richard Paterson and this is my property. Petitioner pleaded with NELSON not to do any harm to him and that "you better not tazer me."

36. NELSON told Petitioner to turn around, and because of the angry and agitated demeanor of NELSON, Petitioner did as he was instructed so that NELSON would not harm him.

37. NELSON told Petitioner to kneel on the gravel with his bare knees. Petitioner was standing over the gravel in the parking lot when NELSON told him to kneel. Petitioner stated that "My back was turned to him and I was standing over my gravel parking lot and I looked down at the gravel."

38. It was then that Petitioner hit the ground hard. Without warning and without just cause, Petitioner was illegally and unlawfully tazered by NELSON. Petitioner states that "I was hit by a bolt of lightning. I was on the ground convulsing. I could not breath, it seemed like it lasted for ever."

39. Petitioner then noticed that the tazering stopped. Petitioner caught his breath. Petitioner thought this nightmare was over. However, NELSON again unlawfully and illegally, and without

justification, tazered Petitioner again. Petitioner was laying on the ground, with his face in the gravel, not moving.

40. NELSON was not done. NESLON again illegally and unlawfully and without justification tazered the Petitioner a third time. At no time during the three unlawful discharges of the City of Waveland issued police tazer by NELSON, was Petitioner resisting, moving and posing a threat of any kind to NELSON.

41. After NELSON had illegally and unlawfully and without justification tazered Petitioner three times, NESLON requested other police officers to come to the Petitioner's property. No other officers where on Petitioner's property until NELSON called them over.

42. Petitioner states that NELSON intentionally tazered him three times before the other officers arrived on Petitioner's property.

43. Petitioner states that at no time was he a threat to NELSON, Petitioner was on his property, busy working on a project for his business. NELSON was not invited onto Petitioner's property and was not chasing a fleeing suspect onto Petitioner's property. NELSON went around a locked gate and entered illegally trespassed on Petitioner's property uninvited.

44. NELSON removed me from my property and took me down the street to the location of the pickup truck. NELSON did this despite the fact that one of the police officers that NESLON summoned to my property identified me and verified who I was and that this was my place of business.

45. NELSON stood Petitioner up and walked him off of his property over to the cars where the pickup truck was stuck in the ditch. Petitioner was standing handcuffed behind their police cars.

10

Petitioner's neighbor came over to see what was going on. The neighbor told NELSON that Petitioner had nothing to do with this truck and was the owner of the building.

46. NELSON did not care what the neighbor or the other officer had to say. NELSON stood me over by the door of the patrol car as I was being placed into the patrol car.

47. Petitioner told NELSON that he was cooking and his place of business was wide open and not secure. NELSON told me that I was being arrested and offered no assistance.

48. NELSON caused Petitioner to be transported the Hancock County Jail, where he was falsely accused of and booked for disorderly conduct and resisting arrest.

49. Petitioner was illegally incarcerated and jailed based upon the illegal actions of NELSON.

50. Petitioner was forced to post bail in the amount of $2,000.00 to get out of jail after his illegal incarceration and arrest by NELSON.

## FIRST CAUSE OF ACTION

**(Unconstitutional Excessive Use of Force Pursuant to 42 U.S.C. Section 1983 – NELSON)**

51. The allegations contained in the forgoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

52. At all times relevant to this Complaint, Officer NELSON was acting under color of state law as police officers employed by the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI.

53. Under the Fourth and Fourteenth Amendments to the United States Constitution, NELSON was prohibited from using excessive force in their efforts to search, detain, or seize Petitioner.

54. The actions of NELSON, as alleged herein, constituted excessive and unlawful force in violation of Petitioner's constitutional rights under the Fourth and Fourteenth Amendments and under the guarantees set out in 42 U.S.C. section 1983. NELSON took these unlawful and unconstitutional actions in connection with his actions against Petitioner and these actions include, without limitation, (a) Petitioner at his place of business while Petitioner was complying with the requests of NELSON and other officers and when Petitioner posed no threat and was not resisting arrest or otherwise acting in a non-compliant manner.

55. The force used by NELSON on Petitioner was unreasonable, excessive, and without lawful justification or excuse.

56. As a direct and proximate result of NELSON's unlawful and unconstitutional conduct, Petitioner suffered and continues to suffer substantial damages in an amount to be proved at trial.

57. NELSON's actions, as alleged herein, were intentional, malicious, willful, wanton, and/or in reckless disregard for Petitioner's protected rights, thereby entitling Petitioner to an award of punitive damages.

58. Petitioner is further entitled to recovery of attorneys' fees pursuant to 42 U.S.C. Section 1988.

## SECOND CAUSE OF ACTION

### (Alternative Unconstitutional Excessive Use of Force Pursuant to 42 U.S.C. Section 1983 – NELSON)

59. The allegations contained in the forgoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

60. This claim is made alternative to the First Cause of Action.

61. At all times relevant to this Complaint, NELSON was acting under color of state law as a police officer employed by the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI.

62. Under the Fourteenth Amendment to the United States Constitution, NELSON was prohibited from intentionally inflicting unnecessary and wanton pain and suffering against Petitioner once Petitioner had been seized.

63. To the extent that Petitioner had been seized as he lay motionless on ground after he had been tazered by NELSON, the further actions of NELSON, as alleged herein, constituted excessive and unlawful force in violation of Petitioner's constitutional rights under the Fourteenth Amendment and under the guarantees set out in 42 U.S.C. section 1983.  In particular, NELSON took these unlawful and unconstitutional actions in connection with their actions against Petitioner and these actions include, without limitation, (a) falsely arresting Petitioner while Petitioner were complying with the requests of NELSON and when Petitioner posed no threat and was not resisting arrest or otherwise acting in a non-compliant manner.

64. The force used by NELSON on Petitioner as he lay motionless and injured on his property, was intentional, and it inflicted unnecessary and wanton pain and suffering upon Petitioner and was therefore unreasonable, excessive, and without lawful justification or excuse. NELSON's actions were therefore malicious and taken with the purpose of causing Petitioner harm.

65. As a direct and proximate result of NELSON's unlawful and unconstitutional conduct, Petitioner suffered and continues to suffer substantial damages in an amount to be proved at trial.

66. NELSON's actions, as alleged herein, were intentional, malicious, willful, wanton, and/or in reckless disregard for Petitioner's protected rights, thereby entitling Petitioner to an award of punitive damages.

67. Petitioner is further entitled to recovery of his attorneys' fees pursuant to 42 U.S.C. Section 1988.

### THIRD CAUSE OF ACTION

### (Unconstitutional Excessive Use of Force
### Pursuant to 42 U.S.C. Section 1983 – NELSON)

68. The allegations contained in the forgoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

69. At all times relevant to this Complaint, NELSON was acting under color of state law as a Police Officer for the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI.

70. Under the Fourth and Fourteenth Amendments to the United States Constitution, NELSON was prohibited from using excessive force in their efforts to search, detain, or seize Petitioner and was required to take reasonable actions and steps to intervene to prevent the use of excessive force by their fellow officers.

71. The actions of NELSON, as alleged herein, constituted an unlawful failure to intervene to prevent the use of excessive and unlawful force in violation of Petitioner's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the guarantees set out in 42 U.S.C. Section 1983. The failure to intervene includes, without limitation, the failure of other officers of WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI to prevent NELSON from tazering Petitioner while he lay

14

motionless and injured in his parking lot on his property and posed no threat and was not resisting arrest or otherwise acting in a non-compliant manner.

72. NELSON's constitutional violations either occurred in the presence of other police officers or with the knowledge of other police officers, and as alleged herein, these police officers had a realistic and reasonable opportunity to intervene or otherwise prevent NELSON and other officers' further violations of Petitioner's constitutional rights.

73. As a result of the failure of other officers of the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI to intervene, NELSON took further actions against Petitioner that were unreasonable, excessive, and without lawful justification or excuse.

74. As a direct and proximate result of the failure of the other officers of WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI to intervene to prevent NELSON and other officers' unlawful and unconstitutional conduct, Petitioner suffered and continue to suffer substantial damages in excess of $10,000.00 and in an amount to be proved at trial.

75. Petitioner is further entitled to recovery of his attorney fees pursuant to 42 U.S.C. Section 1988.

## FOURTH CAUSE OF ACTION

**(Unconstitutional Excessive Use of Force Pursuant to 42 U.S.C. Section 1983 –
WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI)**

76. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

77. Under the Fourth and Fourteenth Amendments to the United States Constitution, the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI was prohibited from allowing its police officers to engage in a pattern, practice, policy, or custom of violating citizens' constitutional rights and were obligated to properly train its law enforcement officers in the proper use of force.

78. As alleged herein, the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI have engaged in a pattern, practice, policy, or custom of allowing their police officers to use excessive and unlawful force. Moreover, the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI have failed to train its police officers properly in their use of deadly force and non-deadly force.

79. Upon information and belief, police officers employed by the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI have been allowed to use excessive and unlawful force upon citizens without proper supervision or consequence, including in connection with the excessive and unlawful use of force.

80. The WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI's allowing its police officers to engage in a pattern, practice, policy, or custom of violating citizens' constitutional rights, including in connection with those officer's use of deadly force and non-deadly force, was a cause of Petitioner's injuries.

81. The WAVELAND POLICE DEPARTMENT's failure to properly train its police officers in the use of force, including the proper use of deadly force and non-deadly force, was a cause of Petitioner's injuries.

82. In addition, by failing to discipline NELSON and other individual Defendants for their conduct as alleged herein, the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI have ratified his improper, reckless, and unlawful actions with respect to the use of deadly force.

83. As alleged herein, the force used by the individual Defendants on Petitioner was unreasonable, excessive, and without lawful justification or excuse and was in keeping with the pattern, practice, police, or custom of the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI.

84. As a direct and proximate result of the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI's unlawful and unconstitutional conduct, Petitioner suffered and continues to suffer substantial damages in excess of $10,000.00 and in an amount to be proved at trial.

85. Petitioner is further entitled to recovery of his attorney fees pursuant to 42 U.S.C. Section 1988.

## FIFTH CAUSE OF ACTION

### CONSPIRACY
### (WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI, 42 U.S.C. SECTION 1983)

86. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

87. It was the policy and practice of Defendant, WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI, to employ certain police officers, including Defendant NELSON, described in the foregoing paragraphs.

17

88. NELSON, as well as another member of the WAVELAND POLICE DEPARTMENT and THE CITY OF WAVELAND, MISSISSIPPI conspired in an effort to cover up the wrongful conduct of NELSON. To effectuate said conspiracy, at a time after October 29, 2019, and continuing thereafter, NELSON created false police reports concerning the arrest of Petitioner. Thereafter, NELSON, falsely charged Petitioner with allegedly perpetrating crimes and misdemeanors, specifically, resisting arrest and Failure to Obey a Police Officer, that Petitioner did not commit, believing that the filing of formal charges against Petitioner would absolve NELSON and The WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI of any liability for the wrongful conduct of NELSON in using excessive force against the Petitioner as set forth above. And thereafter, requesting that the Bay St. Louis Police Department create false document suggesting that NELSON was acting at the lawful request of the Bay St. Louis Police Department when he was acting outside of his jurisdiction, thereafter attempting to give false and fraudulent information to the public. Said conspiracy violated the rights of Petitioner as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Section 1983.

89. It was the policy and practice of Defendants NELSON and the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI to conspire against individuals and take affirmative steps to cover up their wrongful conduct by charging those individuals with crimes they did not commit. Upon information and belief, it was also the custom and practice of said Defendants to cover up their conspiracy, thereby encouraging and causing some or all of the constitutional violations described in the foregoing paragraphs.

99. At all times pertinent hereto, the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI, and/or the other officers employed therein, supervised

18

the officers who unlawfully violated Petitioner's rights, encouraged and tolerated the policies and practices described in the foregoing paragraphs; said Defendants refused to adequately train, direct, supervise, or control police officers, including NELSON, so as to prevent the violation of Petitioners' constitutional rights, in violation of 42 USC Section 1983.

100. At all times pertinent hereto, Defendant NELSON was acting within the course and scope of their employment and pursuant to the aforementioned policies and practices of Defendant the WAVELAND POLICE DEPARATMENT. These policies and practices were enforced by Defendants the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI and was the moving force, proximate cause, or affirmative link behind the conduct causing Petitioner" injuries. The WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI is therefore liable for the violation of Petitioner's constitutional rights by NELSON.

101. As a direct and proximate result of the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI, NELSON's unlawful and unconstitutional conduct, Petitioner suffered and continues to suffer substantial damages in excess of $10,000.00 and in an amount to be proved at trial.

102. Petitioner is further entitled to recovery of his attorney fees pursuant to 42 U.S.C. Section 1988.

### SIXTH CAUSE OF ACTION

**NEGLECT TO PREVENT CONSPIRACY**
**(WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND,**
**MISSISSIPPI – 42 U.S.C. SECTION 1986)**

103. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

104. The WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI had knowledge of the wrongs conspired to be done to Petitioner, or about to be committed, and said Defendant had the power to prevent or aid in preventing the commission of the same but neglected or failed to do so despite the fact that reasonable diligence to prevent the wrongs was within their power.

105. The WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI's neglect to prevent the conspiracy renders them liable under 42 USC Section1986.

106. Alternatively, NELSON had knowledge of the wrongs conspired to be done to Petitioner, or about to be committed, and said Defendants had the power to prevent or aid in preventing the commission of the same but neglected or failed to do so despite the fact that reasonable diligence to prevent the wrongs was within their power.

107. NELSON's neglect to prevent the conspiracy renders them liable under 42 USC Section 1986.

108. As a direct and proximate result of the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI's unlawful and unconstitutional conduct, Petitioners suffered and continue to suffer substantial damages in excess of $10,000.00 and in an amount to be proved at trial.

109. Petitioner is further entitled to recovery of his attorney fees pursuant to 42 U.S.C. Section 1988.

**PENDENT CAUSES OF ACTION**

**SEVENTH CAUSE OF ACTION**

**(Assault by NELSON)**

20

110. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

111. The actions of NELSON, as alleged herein, including without limitation his threat to tazer Petitioner, placed Petitioner in reasonable fear of immediate contact and which was without Petitioner's consent or lawful privilege, constitute an assault upon Petitioner by NELSON in violation of Mississippi law.

112. The conduct of NELSON was intentional or, or in the alternative, constituted grossly and culpably negligent conduct committed with a wanton and reckless disregard for the rights and safety of Petitioner, and his conduct was taken with the knowledge and belief that injuries to Petitioner were substantially certain to follow from his conduct.

113. As a direct and proximate result of NELSON's unlawful conduct, Petitioner have suffered and continue to suffer substantial damages in excess of $10,000.00 and in an amount to be proved at trial.

114. At all times relevant to this Complaint, NELSON was acting in the course and scope of his duties as a police officer employed by the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI and his actions and unlawful conduct are therefore imputed to the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI under the doctrine of *respondeat superior*.

115. Because NELSON's actions, as alleged herein, were intentional, malicious, willful, wanton, and/or in reckless disregard for Petitioners' rights and safety, Petitioner is entitled to an award of punitive damages against NELSON individually.

## EIGHTH CAUSE OF ACTION

### (Battery by NELSON)

116. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

117. NELSON committed a battery upon Petitioner by intentionally discharging his police issued tazer three times against the Petitioner without provocation or other good reason, while he lay motionless on the ground and posed no threat and was not resisting arrest or otherwise acting in a non-compliant manner, causing the injuries and damages detailed herein above to Petitioner.

118. The conduct of NELSON was intentional or, or in the alternative, constituted grossly and culpably negligent conduct committed with a wanton and reckless disregard for the rights and safety of Petitioner, and his conduct was taken with the knowledge and belief that injuries to Petitioner were substantially certain to follow from their conduct.

119. As a direct and proximate result of NELSON's unlawful conduct, Petitioner has suffered and continues to suffer substantial damages in excess of $10,000.00 and in an amount to be proved at trial.

120. At all times relevant to this Complaint, NELSON was acting in the course and scope of their duties as police officers employed by the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI and their actions and unlawful conduct are therefore imputed to the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI under the doctrine of *respondeat superior*.

121. Because NELSON's actions, as alleged herein, were intentional, malicious, willful, wanton, and/or in reckless disregard for Petitioner's rights and safety, Petitioner is entitled to an award of punitive damages against NELSON.

22

## NINETH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(NELSON)

122. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

123. NELSO intentionally abused, humiliated and embarrassed Petitioners, in a manner that was extreme, outrageous, and unjustified. Said Defendant caused Petitioner to suffer physical and emotional distress for which Defendants are individually liable.

124. The conduct of NELSON was intentional or, or in the alternative, constituted grossly and culpably negligent conduct committed with a wanton and reckless disregard for the rights and safety of Petitioners, and their conduct was taken with the knowledge and belief that injuries to Petitioners were substantially certain to follow from their conduct.

125. As a direct and proximate result of NELSON's unlawful conduct, Petitioners have suffered and continue to suffer substantial damages in excess of $10,000.00 and in an amount to be proved at trial.

126. At all times relevant to this Complaint, NELSON was acting in the course and scope of their duties as police officers employed by the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI and their actions and unlawful conduct are therefore imputed to the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI under the doctrine of *respondeat superior*.

127. Because NELSON's actions, as alleged herein, were intentional, malicious, willful, wanton, and/or in reckless disregard for Petitioners' rights and safety, Petitioners are entitled to an award of punitive damages against NELSON.

## TENTH CAUSE OF ACTION

## VICARIOUS LIABILITY
### (The WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI)

128.  The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

129.  At all times pertinent hereto, NELSON was employed by the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI and were acting in the course and scope of their employment with said Defendants, who, under the doctrine of *Respondeat Superior*/Vicarious Liability is/are liable for the acts and/or omissions made the basis of this suit.

130.  Alternatively, Defendant NELSON is individually liable for said acts and/or omissions and may not avail themselves of the defense of qualified immunity as said Defendants created, supported and/or promulgated the customs and policies which lead to the constitutional deprivations and damages alleged herein; Defendants' personal involvement and/or their casual connection to the acts and omissions leading to the deprivation of constitutionally protected rights further disqualify the doctrine of qualified immunity as a legitimate defense.

## DAMAGES
### (FOR PETITIONER)

131.  **(a) COMPENSATORY DAMAGES**

Physical Pain and Suffering: $250,000.00

Mental Anguish: $250,000.00

Humiliation and Denial of Civil Rights: $250,000.00

Future Medical Expenses: $ 50,000.00 (est.)

132.  **(b) PUNITIVE DAMAGES: $2,000,000.00**

24

133. (c) Any and all other relief which this Honorable Court deems appropriate, including attorney's fees.

## ATTORNEY'S FEES

134. Undersigned counsel specifically pleads his right to attorney's fees as authorized by the Civil Rights Attorney's Fees Awards Act of 1976, amending Title 42 U.S.C. Sec. 1988, for his actions in enforcing Sections 1983 of Title 42 of the United States Code.

135. All of the Defendants named herein are liable unto Petitioner, jointly, severally, and *in solido*.

136. Inasmuch as any of the allegations contained herein are inconsistent, they are deemed to have been pled in the alternative.

137. Petitioner is entitled to and requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner respectfully prays that:

a)      That Defendants, NELSON and the WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI, and ABC Insurance Company be duly served with a copy of this Original Complaint and ordered to appear and Answer same;

b)      That after all legal delays have expired there be Judgment entered herein in favor of Petitioners, and against Defendants, NELSON, WAVELAND POLICE DEPARTMENT AND THE CITY OF WAVELAND, MISSISSIPPI, and ABC Insurance Company, jointly, severally and *in solido*, in the true and total sum of $2,800,000.00, plus any other further relief that this Court deems appropriate, including all costs and attorneys' fees as well as legal interest on all amounts awarded to Petitioner from the date of judicial demand until paid;

25

c)     That this Court exercise its supplemental jurisdiction and hear any and all state law claims

asserted herein against Defendants, NELSON, the WAVELAND POLICE DEPARTMENT AND

THE CITY OF WAVELAND, MISSISSIPPI, and ABC Insurance Company; and

d)     For all other legal and equitable relief that this Court deems appropriate.

Respectfully Submitted,

**LAW OFFICE OF STEVEN JAY IRWIN**
Attorney for the Plaintiff (Lead)

BY:   S/Steven Jay Irwin
STEVEN JAY IRWIN, #3033
761 Magnolia Ridge Drive East
Mandeville, LA 70448
Telephone: (985) 869-0991
Email:sirwin5@bellsouth.net