IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD PATERSON**                                               **PLAINTIFF**

**v.**                                           **CAUSE NO. 1:19cv811-LG-RHW**

**JOHN NELSON, ET AL.**                                     **DEFENDANTS**

**ORDER TAKING MOTION FOR SUMMARY JUDGMENT UNDER
ADVISEMENT AND ALLOWING THE PARTIES TO PRESENT ALL
MATERIAL PERTINENT TO THE MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Motion [13] filed by Defendants, John Nelson, in his official and individual capacity, the City of Waveland, Mississippi, and the City of Waveland Police Department (collectively "Defendants"). The Complaint alleges federal claims pursuant to 42 U.S.C. §§ 1983, 1986, and state law tort claims. Defendants move for judgment on the pleadings, or in the alternative, summary judgment on all claims. Significantly, the Defendant John Nelson, has raised the defense of qualified immunity. While Defendants have fully briefed the Motion and attached supporting summary judgment evidence, Paterson has filed no response in opposition.

Defendants move for judgment on the pleadings, or in the alternative, summary judgment as to all of Plaintiff's claims. Pursuant to Fed. R. Civ. P. 12(c), after pleadings are closed, but within such time as not to delay trial, a party may move for judgment on the pleadings. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citations omitted) (internal quotations omitted). A Rule 12(c) motion is governed by the same standard as a

Rule 12(b)(6) motion to dismiss.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citations omitted); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted); *Great Plains Trust Co.*, 313 F.3d at 313 n.8 (citations omitted).  Under this standard, courts ask whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also MySpace, Inc.*, 528 F.3d at 418 (citations omitted).  A court cannot look beyond the pleadings in deciding a Rule 12(c) motion.  Fed. R. Civ. P. 12(d); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citations omitted); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citations omitted).  "If, on a motion under . . . [Rule] 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Defendants attached to the Motion a video recording from Officer Nelson's body camera.  (Defs.' Mot., Ex. A, ECF 13).  They contend that the video is "central to the claims in the complaint, and, therefore, this Court may consider them without converting this motion to a Rule 56 motion." (Defs.' Mem., at 4 n.6, ECF 14).  While the video recording is central to the claims asserted,  Plaintiff  has not referred to recording or responded to the pending motion.

Plaintiff's Compliant raises serious allegations and the failure to respond to the pending Motion is puzzling.  However, a dispositive motion may not be granted

as unopposed.[1]  Therefore Defendants' Motion will be treated as a motion for summary judgment under Fed. R. Civ. P. 56.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [13] Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment shall be treated as a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and is hereby **TAKEN UNDER ADVISEMENT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff is granted until **July 10, 2020**, to file a response and memorandum brief in opposition to the Motion for Summary Judgment. Defendants may file a rebuttal as provided by L.U.Civ.R. 7(B).[2]

**SO ORDERED AND ADJUDGED** this the 26th day of June, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] *See* L.U.Civ.R. 7(B)(3)(E).  "If a party fails to respond to any motion, ***other than a dispositive motion***, within the time allotted, the court may grant the motion as unopposed." (emphasis added)

[2] The parties are reminded that when reviewing a motion for summary judgment, factual controversies must be resolved "in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  Conclusory allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party.  *See id.* (citations omitted).  Further, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).